UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                     Chapter 11

Genmar Holdings, Inc., et al.              Case No. 09-43537

    Debtors.                               Jointly Administered

---

WILLIAM GOLDEN'S OBJECTION TO DEBTORS' MOTION FOR ORDER EXTENDING TIME TO ASSUME OR REJECT CERTAIN NON-RESIDENTIAL REAL PROPERTY LEASES

---

William Golden (the "Objecting Landlord"), by and through his attorneys, Morrison Fenske & Sund, P.A., respectfully submits this Objection to the entry of an order granting debtors' motion to further extend the time to assume certain non-residential real estate leases (the "365 Motion").

## **Background**

1. On June 1, 2009 (the "Petition Date"), each of the above-referenced debtors (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Minnesota (the "Court").

2. Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Objecting Landlord is a party to a lease with Genmar Logic LLC and Genmar Holdings, Inc. for property in Dunham County, North Carolina in which Triumph Boats operates its business (the "Lease").

4. On September 11, 2009, the Debtors filed the 365(d)(4) Motion seeking a ninety (90) day extension of the original one hundred twenty (120) day period within which the Debtors must assume or reject the Leases. That motion was granted and the time within which to assume or reject was extended and the hearing on an additional extension was continued until November 4, 2009.

## **Objection**

5. Section 365(d)(3) provides that the "trustee shall timely perform all the obligations of the debtor…arising *from and after* the petition date…" 11 U.S.C. § 365(d)(3).

6. The Debtor has failed to timely pay any post-petition rent due and owing under the Lease. The post-petition rents under the Lease are $190,000 plus late charges (3%), interest (10%) and costs.

7. 11 U.S.C. § 365(d)(4) provides:

> (4) (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
>
> (i) the date that is 120 days after the date of the order for relief; or
>
> (ii) the date of the entry of an order confirming a plan.
>
> (B) (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
>
> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

8. The Debtor has 120 days to assume or reject the Lease and this time period expired on September 28, 2009. The Debtor requested and was granted an extension of the time to assume or reject the Lease until November 4, 2009, and is now requesting additional time. However, no cause has been offered in support of this request and none of the referenced actions have been taken to protect the landlord during this limbo period. Moreover, the Lessor has not consented to a further extension.

9. "[I]t is now well established that the primary purpose of Section 365(d)(4) is to protect lessors ... from delay and uncertainty by forcing a trustee or a debtor-in-possession to decide quickly whether to assume unexpired leases." *In re Perfect Light Co.,* 116 B.R. 84, 86 (Bankr. N.D. Oh. 1990) *quoting In re American Healthcare Management, Inc.*, 900 F.2d 827 (5th Cir. 1990) *quoting C. Harvest Corp. v. Riveria Land Co.,* 868 F.2d 1077, 1079 (9th Cir. 1989).

10. Cause does not exist to extend the time to assume or reject, as the Debtor is in violation of its statutory duty of timely performance of its leasehold obligations pursuant to Section 365(d)(3) of the Code.

11. The Debtors incorrectly asserts in the 365 Motion that they were current in their post-petition rental obligations.

12. Should the Debtor forth with pay its outstanding post-petition rental obligations, the Objecting Landlord would not object to the requested extension under Code Section 365(d)(4).

**WHEREFORE**, the Objecting Landlord respectfully requests that any order granting the 365(d)(4) Motion be modified pursuant to the terms of this Limited Objection, or that the Motion be denied in its entirety, and that the Objecting Landlord be granted such other and further relief as the Court may deem just and proper.

Dated: November 3, 2009	/s/ Jane S. Welch
	Jane S. Welch, Esquire.
	MORRISON FENSKE & SUND, P.A.
	5125 County Road 101, Suite 202
	Minnetonka, MN 55345
	Telephone: (952) 975-0050
	Facsimile: (952) 975-0058
	E-mail: jwelch@morrisonfenske.com