UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 11 |
| Genmar Holdings, Inc., et al.[1] | Case No. 09-43537 |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING DEBTORS TO ENTER INTO EXCLUSIVITY AND EXPENSE AGREEMENT WITH POTENTIAL STALKING HORSE**

The motion of above-referenced Debtors to Reimburse Potential Stalking Horse for Certain Due Diligence Expenses and Grant Exclusivity ("Motion") came before the undersigned on November 4, 2009. Appearances were noted on the record. All capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

Based on the Motion, the arguments of counsel, all the files, records and proceedings herein, the Court being advised in the premises, and for those reasons stated orally and recorded in open court following the close of evidence:

**IT IS HEREBY ORDERED:**

A.   The Debtors' Motion including request for expedited relief is granted.

---

[1] Jointly administered debtors: Genmar Holdings, Inc., Case No. 09-43537; Carver Industries, L.L.C., Case No. 09-43538; Carver Italia, L.L.C., Case No. 09-33773; Carver Yachts International, L.L.C., Case No. 09-33774; Genmar Florida, Inc., Case No. 09-43539; Genmar Industries, Inc., Case No. 09-43540; Genmar IP, LLC, Case No. 09-43541; Genmar Manufacturing of Kansas, Inc., Case No. 09-43542; Genmar Michigan, L.L.C., Case No. 09-43543; Genmar Minnesota, Inc., Case No. 09-33775; Genmar Tennessee, Inc., Case No. 09-43544; Genmar Transportation, Inc., Case No. 09-43545; Genmar Yacht Group, LLC, Case No. 09-43546; Marine Media, LLC, Case No. 09-43547; Minstar, LLC, Case No. 09-43548; Triumph Boats, Inc., Case No. 09-43550; Triumph Boat Rentals, L.L.C., Case No. 09-43551; VEC Leasing Services, L.L.C., Case No. 09-43552; VEC Management Co., L.L.C., Case No. 09-43553; VEC Technology, Inc., Case No. 09-43554; Windsor Craft Yachts, L.L.C., Case No. 09-43555; Wood Manufacturing Company, Inc., Case No. 09-43556.

B.   The Debtors have articulated good and sufficient reasons for approving the Motion. Accordingly, the Debtors are authorized to enter into and perform the Exclusivity and Expense Agreement with the Potential Stalking Horse.

C.   The Debtors' obligation to the Potential Stalking Horse for the expense reimbursement is (a) an actual and necessary cost and expense to preserving the Debtors' assets, within the meaning of section 503(b) and 507(a) of the Bankruptcy Code, (b) of substantial and commensurate benefit to the Debtors' estates (c) reasonable and appropriate, in light of the size and nature of the transaction and the substantial efforts that have been and will be expended by the Potential Stalking Horse, (d) necessary to attract a potential bid that correlates with the maximization of value to the Debtors' estates; and (e) necessary to ensure that the Potential Stalking Horse will continue to pursue its proposed acquisition of the Debtors' assets.

D.   The Debtors' obligations to the Potential Stalking Horse in connection with exclusivity are reasonable and justified under the circumstances and are hereby approved.

E.   The Potential Stalking Horse is entitled to the expense reimbursement to the extent and under the circumstances set forth in the Exclusivity and Expense Agreement. The dollar amount of the expense reimbursement and the circumstances under which the expense reimbursement is payable, as set forth in the Exclusivity and Expense Agreement, are approved. The expense reimbursement shall be allowed as an administrative expense of the estates under 11 U.S.C. §§ 503(b) and 507(a) and the Debtors are authorized to pay the expense reimbursement in accordance with the terms of the Exclusivity and Expense Agreement without further order of the Court.

Dated: __November 5__, 2009

/e/ Dennis D. O'Brien
Dennis D. O'Brien
United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *11/05/2009*
Lori Vosejpka, Clerk, By DLR, Deputy Clerk