UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

GENMAR HOLDINGS, INC. ET AL[1],                **ORDER FOR**
                                                                           **EVIDENTIARY HEARING**

               Debtor(s).

                                                                          BKY 09-43537

---

        **IT IS ORDERED:**

        1.    This matter is set for evidentiary hearing on application of Briggs & Morgan, PA for compensation for services rendered and reimbursement of expenses as ordinary course professional for the period of June 1, 2009 through and including February 2, 2010, document 761, objection, document 773, response, document 794, response, document 822 & reply, document 823, in Courtroom 2B, United States Courthouse, 316 North Robert Street, St. Paul, Minnesota on **June 1, 2010 at 1:30 p.m.**

        2.  On or before May 21, 2010, all parties are expected to confer and enter into stipulations as to the following:

        a)    Waiver of objections to the admissibility of exhibits on the grounds of lack of identification or foundation where the identification or foundation is not to be contested;

        b)    Waiver of objections to the admissibility of depositions proposed to be offered in evidence, if any.

        c)    Facts which are not disputed.  This stipulation shall be reduced to writing in a form which can be adopted by the Court as Findings of Fact.

 At this conference, counsel shall exchange copies of each exhibit intended to be introduced and relied upon at the hearing.  The exhibits shall be pre-marked as required in paragraph 4(d) of this Order.

        3.  No later than five (5) days prior to the hearing, the parties shall prepare, serve and file the following:

        a)    The stipulations regarding admissibility of exhibits and depositions;

        b)    The stipulation of facts which are not disputed.

        c)    A final witness list containing the names, addresses and brief

---

[1] Jointly administered debtors: Genmar Holdings, Inc., Case No. 09-43537; Carver Industries, L.L.C., Case No. 09-43538; Carver Italia, L.L.C., Case No. 09-33773; Carver Yachts International, L.L.C., Case No. 09-33774; Genmar Florida, Inc., Case No. 09-43539; Genmar Industries, Inc., Case No. 09-43540; Genmar IP, L.L.C., Case No. 09-43541; Genmar Manufacturing of Kansas, Inc., Case No. 09-43542; Genmar Michigan, L.L.C., Case No. 09-43543; Genmar Minnesota, Inc., Case No. 09-33775; Genmar Tennessee, Inc., Case No. 09-43544; Genmar Transportation, Inc., Case No. 09-43545; Genmar Yacht Group, LLC, Case No. 09-43546; Marine Media, L.L.C., Case No. 09-43547; Minstar, L.L.C., Case No. 09-43548; Triumph Boats, Inc., Case No. 09-43550; Triumph Boat Rentals, L.L.C., Case No. 09-43551; VEC Leasing Services, L.L.C., Case No. 09-43552; VEC Management Co. L.L.C., Case No. 09-43553; VEC Technology, Inc., Case No. 09-43554; Windsor Craft Yachts, L.L.C., Case No. 09-43555; Wood Manufacturing Company, Inc., Case No. 09-43556.

       summary of the testimony of each witness the party will call. A person not listed on this list may not testify during the party's case-in-chief;

d)     A final exhibit list containing a description of all exhibits to be offered at the hearing. Exhibits not listed on this list may not be offered during the party's case-in-chief. Each exhibit shall be marked and the list shall identify the exhibits by their letters or numbers.

       The plaintiff shall identify the plaintiff's exhibits with numbers as follows:

                Plaintiff's Exhibit 1
                Plaintiff's Exhibit 2
                      etc.

       The defendant shall identify the defendant's exhibits with letters as follows:

                Defendant's Exhibit A
                Defendant's Exhibit B
                      etc.

       If there is more than one plaintiff or defendant, then the parties shall confer so as to avoid duplication of exhibit identification;

e)     A list of depositions to be offered at the hearing;

f)     A brief containing a complete chronology of the party's version of the facts and a complete statement of the law on which the party relies.

g)     Proposed Findings of Fact and Conclusions of Law.

    4. **At the time of evidentiary hearing, the ORIGINAL PLUS TWO COPIES of the pre-marked exhibits shall be provided to the Court. All three sets of exhibits MUST BE BOUND IN THREE RING BINDERS, with each exhibit in each bound set PRE-MARKED AND INDIVIDUALLY TABBED.**

    5.     <u>Private Information</u>. To avoid the inadvertent disclosure of private data and other sensitive information, counsel and parties unrepresented by counsel shall refrain from eliciting or mentioning during trial or including in exhibits or any other submissions required by this order any of the following restricted information, except in the manner noted:

a)     Social Security numbers: use only the last four digits;

b)     Financial account numbers: use only the last four digits;

c)     Names of minor children: use only initials;

d)     Dates of birth: use only year of birth; and

e)     Home addresses of witnesses; use only city and state of residence.

    If restricted information is mentioned in court, counsel or parties may ask to have it stricken from the record or partially redacted to conform to the judiciary's privacy policy.

      6. Upon settlement, each party has an independent obligation and shall notify the calendar clerk, within 24 hours after a settlement agreement has been reached. Unless the Court orders otherwise, <u>the settlement documents shall be filed within ten (10) days after oral notice of the settlement</u>.

      7.     The dates fixed in this order are mandatory. Deadlines shall not be extended except on motion and for good cause.

      8. Failure to timely comply with this order may result in the imposition of sanctions under Bankruptcy Rule 7016 and Fed. R. Civ. P. 16(f).

      9.     Fed. R. Civ.P. 26(a)(1), (a)(2), (a)(3) and (f) do not apply in this proceeding.

Dated: April 22, 2010

                                                                      /e/ Dennis D. O'Brien
                                                                      United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on  4/22/10

Lori Vosejpka, Clerk By    NAB