UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 11 |
| Genmar Holdings, Inc., et al.[1] | Case No. 09-43537 |
| Debtors. | Jointly Administered |

**FIFTH SUPPLEMENTAL UNSWORN
DECLARATION OF JAMES L. BAILLIE**

James L. Baillie makes the following Fifth Supplemental Unsworn Declaration in further support of the application of the above-named Debtors ("Debtors") to employ Fredrikson & Byron, P.A. ("Fredrikson & Byron") as Chapter 11 counsel.

1. This Unsworn Declaration supplements the disclosures made in my Unsworn Declaration dated June 2, 2009, First Supplemental Unsworn Declaration dated June 12, 2009, Second Supplemental Unsworn Declaration dated September 29, 2009, Third Supplemental Unsworn Declaration dated April 21, 2010, and Fourth Supplemental Unsworn Declaration dated July 1, 2010 (together, "Prior Declarations").

2. In the course of routine conflict checks within the firm, it has come to my attention that certain of my non-bankruptcy colleagues are about to undertake representation of several companies that appear to have connections with the Debtors: (1) Platinum Equity

---

[1] Jointly administered debtors: Genmar Holdings, Inc., Case No. 09-43537; Carver Industries, L.L.C., Case No. 09-43538; Carver Italia, L.L.C., Case No. 09-33773; Carver Yachts International, L.L.C., Case No. 09-33774; Genmar Florida, Inc., Case No. 09-43539; Genmar Industries, Inc., Case No. 09-43540; Genmar IP, L.L.C., Case No. 09-43541; Genmar Manufacturing of Kansas, Inc., Case No. 09-43542; Genmar Michigan, L.L.C., Case No. 09-43543; Genmar Minnesota, Inc., Case No. 09-33775; Genmar Tennessee, Inc., Case No. 09-43544; Genmar Transportation, Inc., Case No. 09-43545; Genmar Yacht Group, LLC, Case No. 09-43546; Marine Media, L.L.C., Case No. 09-43547; Minstar, L.L.C., Case No. 09-43548; Triumph Boats, Inc., Case No. 09-43550; Triumph Boat Rentals, L.L.C., Case No. 09-43551; VEC Leasing Services, L.L.C., Case No. 09-43552; VEC Management Co. L.L.C., Case No. 09-43553; VEC Technology, Inc., Case No. 09-43554; Windsor Craft Yachts, L.L.C., Case No. 09-43555; Wood Manufacturing Company, Inc., Case No. 09-43556.

Advisors, LLC ("Platinum"); (2) Onvoy, Inc. ("Onvoy"); (3) Jacobs related entities; (4) AT&T Mobility; (5) Stericycle, Inc.

3. Platinum was the purchaser of the majority of the Debtors' assets in sales approved by the Court pursuant to orders entered on January 14, 2010 [Dkt. Nos. 689 & 690]. Fredrikson & Byron has not represented Platinum before.

4. Onvoy appears to be a general unsecured creditor of Genmar Minnesota, which scheduled an indebtedness to Onvoy of $1,033.05.

5. In recent months, attorneys in our office have been contacted by in-house counsel for PBH Marine Group and Jacobs Holdings, Inc., and other entities affiliated with Irwin Jacobs, a shareholder in Genmar Holdings, Inc. and a principal in an entity that bought some of the assets of the debtors inquiring about referring work to our firm. These inquiries came through personal connections or prior working connections between the Fredrikson & Byron attorneys and the in-house attorneys. Fredrikson & Byron has not yet taken on any work from such inquiries, but given the pending conversion to chapter 7 cases, would intend to do so.

6. AT&T Mobility is an affiliate of AT&T, for some of whose affiliates our firm has been providing legal services. AT&T Mobility and related entities were a general unsecured creditor in the amount of $26,465.51.

7. Stericycle, Inc. appears to be a general unsecured creditor in the amount of $201.90.

8. Debtors' chapter 11 cases will shortly be converted to chapter 7 cases, at which time Fredrikson & Byron will have no further role with respect to Debtors. The firm's representations of these parties have no relation to any of the Debtors or these Chapter 11 cases. Further, the firm has no confidences or secrets of the Debtors that would be useful to or shared

2

with them.  Fredrikson & Byron will not undertake any representation for any of these entities that is in any way relates to Debtors.

9. Where required, we have disclosed these representations with the Debtors.  They have agreed to waive any conflict that might be created thereby.

10. Except as otherwise provided above, all of the statements and representations in the Prior Declarations continue to be true and correct to the best of my knowledge.

11. I declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Dated:  November 19, 2010  /s/ James L. Baillie  
James L. Baillie  
Fredrikson & Byron, P.A.

4828791