**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA**

In Re

    Genmar Holdings, Inc., et al.[1]

Debtors.

BKY 09-43537
Chapter 7

**ORDER DENYING MOTION FOR CLARIFICATION**

This matter is before the Court on motion for clarification filed by David Scot Lynd. The movant did not set the matter for hearing. The Court, having reviewed the motion, and being fully advised in the matter, now makes this **ORDER** pursuant to the Federal and Local Rules of Bankruptcy Procedure.

**I**

On September 23, 2010, this Court denied David Scot Lynd's "Motion For Payment Of Moneys Due" filed in the cases listed in footnote 1 that were being jointly administered. The order was appealed to the Bankruptcy Appellate Panel for the Eighth Circuit. On November 23, 2010, the debtors listed in footnote 1 converted to Chapter 7. On November 24, 2010, this Court entered its order terminating joint administration of the cases. On November 22, 2010, David Scot Lynd filed a "Motion Request For Clarification Of Order,"

---

[1] Genmar Holdings, Inc., Case No. 09-43537; Carver Industries, L.L.C., Case No. 09-43538; Carver Italia, L.L.C., Case No. 09-33773; Carver Yachts International, L.L.C. Case No. 09-33774; Genmar Florida, Inc., Case No. 09-43539; Genmar Industries, Inc., Case No. 09-43540; Genmar IP., L.L.C, Case No. 09-43541; Genmar Manufacturing of Kansas, Inc., Case No-43542; Genmar Michigan, L.L.C., Case No. 09-43543; Genmar Minnesota, Inc., Case No. 09-33775; Genmar Tennessee, Inc., Case No. 09-43544; Genmar Transportation, Inc., Case No. 09-43545; Genmar Yacht Group, LLC, Case No. 09-43546; Marine Media, L.L.C, Case No. 09-43547; Minstar, L.L.C, Case No. 09-43548; Triumph Boats, Inc., Case No. 09-43550; Triumph Boat Rentals, L.L.C., Case No. 09-43551; VEC Leasing Services, L.L.C, Case No. 09-43552; VEC Management Co. L.L.C. Case No. 09-43553, VEC Technology, Inc. , Case No. 09-43554; Windsor Craft Yachts, L.L.C., Case No. 09-43555; Wood Manufacturing Company, Inc., Case No. 09-43556.

stating that:

> The bankruptcy has liquidated Genmar Corporation and therefore that Business Entity no longer exists, Wood manufacturing still does at least by name. I hereby request the court clarify exactly what Business Entity is the responsible party for the restitution, now and after the completion of the Bankruptcy case, since Genmar is liquidated, no one seems to know.

On December 8, 2010, the Appellate Panel issued its order granting the appellant an extension of time to file his brief in the appeal pending this Court's ruling on the motion for clarification, which Appellate Panel order was emailed to this Court. Prior to receipt of the email, this Court was not aware that a motion for clarification had been filed.

The motion for clarification is denied because it seeks legal advice, which would be inappropriate for this Court to give. The Court notes, however, that the earlier motion for payment was denied because, although the movant's claim might have been a nondischargeable debt in the Chapter 11 case, it was not entitled to administrative or priority payment from the estate of the jointly administered debtor who was liable. It will not be discharged in the Chapter 7 case either because Chapter 7 corporate debtors do not receive discharges.

II

Accordingly, it is hereby **ORDERED**: David Scot Lynd's Motion Request For Clarification is denied. A copy of this order Shall be transmitted to the Eighth Circuit Bankruptcy Appellate Panel as requested in its December 8, 2010 order.

Dated: December 13, 2010                               BY THE COURT:

                                                       /e/ Dennis D. O'Brien
                                                       US Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *12/14/2010*
Lori Vosejpka, Clerk, by SKM